IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OLLIE RAY DILES, ID # 806336, ) | |
|     Petitioner, ) | |
| ) | |
| vs. ) | No. 3:07-CV-0706-M (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County convictions for aggravated sexual assault in Cause Nos. F97-02902-WM, F97-02903-WM, F97-02905-WM, and F97-02901-WM. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

Petitioner was convicted in the listed cases in October 1997; a timely Notice of Appeal was filed in each case in October 1997; retained counsel Larry Cunningham replaced appointed counsel in each case on March 25, 1999;[1] Cunningham filed an appellate brief in each case on May 25, 1999;

---

[1] The trial court had appointed Allan Fishburn to represent petitioner on appeal in Cause Nos. 05-97-01980-CR and 05-97-01981-CR; Deborah Farris in Cause No. 05-97-01982-CR; and Victoria Abbott in Cause No. 05-98-00056-CR.

and the convictions were affirmed on appeal on March 29, 2000. *See Diles v. State*, No. 05-97-01980-CR, http://www.courtstuff.com/FILES/05/97/05971980.HTM (docket sheet information generated Nov. 27, 2006, related to appeal of F97-02902-WM) (Official internet site of the Fifth Court of Appeals); *Diles v. State*, No. 05-97-01981-CR, http://www.courtstuff.com/FILES/05/97/05971981.HTM (docket sheet information generated Dec. 5, 2006, related to appeal of F97-02903-WM); *Diles v. State*, No. 05-97-01982-CR, http://www.courtstuff.com/FILES/05/97/05971982.HTM (docket sheet information generated Nov. 27, 2006, related to appeal of F97-02905-WM); *Diles v. State*, No. 05-98-0056-CR, http://www.courtstuff.com/FILES/05/98/05980056.HTM (docket sheet information generated Feb. 16, 2007, related to appeal of F97-02901-WM).[2] Petitioner filed no petition for discretionary review (PDR). *See* State Docket Sheets.

According to petitioner, he commenced the state habeas process on August 15, 2005, by filing a state habeas application to challenge his convictions in Cause Nos. 97-02903-WM and 97-02905-WM. The Texas Court of Criminal Appeals has denied four state applications for writ of habeas corpus related to the convictions here at issue. *See* Texas Courts Online, http://www.cca.courts.state.tx.us/opinions/casesearch.asp?CaseNumberNo=&DateFiled=&DateFiled2=&Style=-Diles%2C+Ollie&Style_2=&COACaseNumberNo=&Submit1=Search (accessed July 31, 2007) (showing single applications received Aug. 24, 2006, and Feb. 8, 2007, and two applications received Oct. 2, 2006) (following links to find that the first three applications were denied on Nov. 29, 2006, and the last one was denied on Mar. 21, 2007).

---

[2] The Court will hereinafter collectively refer to these four webpages as "State Docket Sheets".

Petitioner filed the instant petition on April 13, 2007, when he placed it in the prison mail system. (Pet. Writ of Habeas Corpus (Pet.) at 9); *see also Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Petitioner asserts two claims: (1) his appellate attorney, Larry Cunningham, rendered ineffective assistance by failing to notify him of the appellate decision and failing to inform him of his right to file a PDR and (2) attorneys Fishburn and Farris submitted false affidavits in the state habeas proceedings in which they averred that they had filed appellate briefs and had advised petitioner of the appellate decision and of his right to file a PDR because he did not hire any other attorney to represent him on appeal. (Pet. at 7; Brief in Supp. at 8-16.)

In view of the preceding procedural history and the nature of petitioner's claims, the Court will consider the timeliness of the instant federal petition for writ of habeas corpus. However, because petitioner's second claim relates to alleged error during the state habeas process, the Court first considers that claim.

## II. ERROR IN STATE HABEAS PROCESS

Petitioner alleges that two attorneys submitted false affidavits to the state habeas court. Such allegation, however, raises no claim cognizable under 28 U.S.C. § 2254. Federal habeas relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). The courts entertain federal petitions under § 2254 "only on the ground" that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). This Court cannot grant habeas corpus relief "to correct

3

alleged errors in state habeas proceedings." *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that habeas relief was not available for such alleged errors). "[E]rrors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief." *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). Such errors necessarily fail "because infirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). Petitioner's challenge to the state habeas proceedings merely attacks proceedings collateral to his detention and not his detention itself. Accordingly, this claim entitles petitioner to no habeas relief.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review;

4

or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's convictions became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this case, petitioner appealed his convictions but filed no PDR. The state convictions therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.*, thirty days after the appellate court rendered its judgment on March 29, 2000. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR). In this instance, petitioner's judgment became final on April 28, 2000.

From petitioner's supporting brief, it is clear that he contends that he did not learn the factual predicate of his sole cognizable claim until well after his judgment became final in April 2000. He specifically contends that he believed that his appeal remained pending due to Cunningham's reluctance to respond to correspondence and phone calls. (*See* Brief Supp. at 3-4.) He further contends that "after two years not receiving any appeal briefs from his attorney" he made an inquiry to the court of appeals and discovered that his convictions had been affirmed. (*See id.* at 4.) From petitioner's own briefing, it thus appears that petitioner knew the factual predicate for his sole

5

cognizable claim in 2001 or 2002 – depending on whether the two years he mentions runs from May 1999 when Cunningham filed his appellate brief or from March 2000 when the court of appeals issued its ruling. In any event, giving petitioner the extreme benefit of the doubt, he should have known the factual predicate of his sole cognizable claim through the exercise of due diligence no later than 2002.

Because petitioner filed his April 13, 2007 federal petition more than one year after he knew or should have known the factual predicate for his sole cognizable claim, a literal application of § 2244(d)(1) renders his April 20, 2007 filing untimely.

### IIII. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner commenced the state habeas process by filing his first state application for writ of habeas corpus on August 15, 2005, the statutory limitations period had already expired. Accordingly, the statutory tolling provision does not save petitioner's April 13, 2007 federal petition. In addition, nothing in the petition indicates that rare and exceptional circumstances warrant

equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same).

That alleged acts or omissions of his attorney may have contributed to some delay associated with this action is insufficient to warrant equitable tolling. "[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Salinas v. Dretke*, 354 F.3d 425, 432 (5th Cir. 2004). A petitioner, moreover, "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief", *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999), and "equity is not intended for those who sleep on their rights", *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Petitioner in this case did not commence the state habeas process until more than five years had elapsed since the court of appeals affirmed his convictions. While the alleged ineffective assistance of appellate counsel may explain some of this delay, the alleged ineffective assistance does not fully explain the delay. The alleged ineffective assistance also does not explain the lack of diligence by petitioner in ascertaining the status of his appeal. The facts of this case do not equate to rare and exceptional circumstances that justify equitable tolling.

Because neither statutory nor equitable tolling save petitioner's April 13, 2007 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

## IV. EVIDENTIARY HEARING

Based upon the information before the Court, the instant action raises untimely or non-cognizable claims and an evidentiary hearing appears unnecessary.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the instant request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254. Petitioner raises claims that are either not cognizable under § 2254 or untimely under the applicable statute of limitations.

**SIGNED this 31st day of July, 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE